UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER SWIFT,

    Plaintiff,                       Case No. 10-12911
                                                   HON. BERNARD A. FRIEDMAN

vs.

COUNTY OF WAYNE, et al.,

    Defendants.
_____/

**<u>ORDER DENYING DEFENDANT WAYNE COUNTY'S MOTION TO DISMISS</u>**

**I.    Introduction**

        This matter is before the Court on Defendant Wayne County's Motion to Dismiss. Pursuant to E.D.Mich.L.R. 7.1(f)(2), the Court will decide this motion without oral argument.

        On November 10, 1982, Plaintiff Walter Swift was convicted of home invasion, rape and armed robbery of a woman in Detroit. He spent nearly 26 years in prison until his conviction was set aside on or about May 21, 2008. The conviction was set aside as a result of work done by the Innocence Project at the Benjamin N. Cardozo School of Law.

        Plaintiff's complaint seeks relief pursuant to 42 U.S.C. § 1983 for claimed violations of his constitutional rights as a result of: 1) Defendant Detroit police officers allegedly manipulating the witness identification process to obtain a false identification, concealing and withholding other critical and exculpatory evidence, and then prosecuting and falsely imprisoning Plaintiff; and 2) Defendant Wayne County's alleged policy and custom, as of 1982, of systematically failing to provide adequate funding for indigent criminal defendants to obtain

necessary expert assistance, which Plaintiff claims resulted in this case in the violation of Plaintiff's Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to a fair trial.

Defendant Wayne County ("Defendant") has filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), claiming that Plaintiff has failed to plead facts to support his claims.

## II.     Relevant Facts

### A.     The Rape and Investigation

On September 2, 1982, a Detroit woman was raped in her home. The assault was reported to the Detroit Police. Following a questionable identification by the victim of Plaintiff, forensic lab tests were conducted. Fluid stains were obtained from the scene of the crime and tested. The fluids were tested first on September 22, 1982, along with a sample of Plaintiff's blood and saliva. They were tested again on October 14, 1982, along with blood and saliva samples from the victim.

The Detroit Police Crime Laboratory found the first lab results to be inconclusive. Plaintiff tested as a "secretor," or someone whose blood group substances are present in, and therefore discernible from, their other bodily fluids. However, the first lab test was unable to detect the blood type of the rapist, and could not conclusively exclude him as the rapist. Plaintiff argues that an expert would have known that a second test of the victim's blood and saliva samples would have had to be done and, in fact, a second test was done.

A second test was done, and it confirmed that the victim was a "secretor," which also confirmed that the rapist was a "non-secretor." Plaintiff argues that this second test scientifically excluded Plaintiff as the rapist. However, Plaintiff alleges that the second test was concealed,

and never disclosed by Defendant police officers.

### B.     The Criminal Defense

Plaintiff explains that in 1982, all "capital" or "serious felony" cases in Detroit were heard in Detroit Recorders Court, now a part of the Wayne County Circuit Court. Wayne County was responsible for setting a budget for funding to indigent defendants and paying "reasonable compensation for services performed" in all felony and misdemeanor cases in Detroit. MCL 775.16 (1980).

Plaintiff contends that the Wayne County Board of Commissioners were the final policymakers for Defendant Wayne County regarding the system of compensation for indigent defendants. Plaintiff further contends that the Wayne County Board of Commissioners maintained a custom or practice of providing grossly inadequate funding to indigent defenders, such that criminal defense attorneys were unable to hire or consult with experts in even the most serious felony cases.

Further, Plaintiff states that Defendant also had a custom, policy or practice of denying requests for supplemental funding to hire expert witnesses and/or consultants. Therefore, Plaintiff alleges, defenders for indigent defendants whose clients' cases required an expert did not apply for such funding because it was futile.

In Plaintiff's case, his appointed counsel, Lawrence Greene, was provided the customary flat fee of $125 for investigating Plaintiff's felony case. He did not apply to the court to obtain additional funds to hire an expert because, Plaintiff contends, it was futile.

### III.   Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

3

Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir.2001).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

A claim survives this Motion where its "[f]actual allegations [are] enough to raise a right to relief above the speculative level ...." Bell Atl. Corp., 550 U.S. at 555. Thus, this Court will not grant a motion to dismiss for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir.2003).

**IV.    Analysis**

A county may be held liable under 42 U.S.C. § 1983 for violations of a plaintiff's constitutional rights when the constitutional deprivations are caused by official municipal policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Defendant contends that Plaintiff's *Monell* claim should be dismissed because, pursuant to Bell Atlantic Corp. v. Twobly, 550 U.S. 555 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), Plaintiff has failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 8 required to survive a motion to dismiss.  Defendant argues that Plaintiff has failed to state a claim that is plausible on its face, as necessary to avoid dismissal.

Plaintiff's *Monell* claim is based upon his argument that he was denied his Sixth

Amendment right to the effective assistance of counsel.  Defendant interprets Plaintiff's claim to mean that he was denied effective assistance of counsel because the amount of money paid to his assigned counsel was insufficient.  Plaintiff, however, contends that his claim regards the county policy prevented his court appointed counsel from retaining the services of an expert, and thereby providing him with an effective defense.  Accordingly, Plaintiff argues, without access to an effective defense, he was ". . . denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty [was] at stake. . . ," and deprived of ". . . access to the raw materials integral to the building of an effective defense."  Ake. V. Oklahoma, 470 U.S. 68 (1985).  Plaintiff states that this is the basis of Defendant's liability under 42 U.S.C. § 1983, and is why Defendant's Motion to Dismiss must be denied.

The Sixth Circuit has explained the necessary analysis when considering a municipal liability claim, stating:

> "[We] engage[ ] in a two-pronged inquiry when considering a municipal-liability claim." *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir.2004). We first ask whether the plaintiff has asserted the deprivation of a right guaranteed by the Constitution or federal law. *Id*.; *Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir.2003). Second, we analyze whether the alleged deprivation was caused by the defendants acting under color of state law. *Cash*, 388 F.3d at 542; *Alkire*, 330 F.3d at 813.
>
> A municipality cannot be liable for the constitutional torts of its employees; that is, it cannot be liable on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, liability will attach only where the plaintiff establishes that the municipality engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. *Id*. at 694; *see also Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir.1996) ("Under Monell, the [defendants] cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom ... leads to, causes, or results in the deprivation of a constitutionally protected right.").
>
> The Monell Court described a municipal policy as including "a policy statement, ordinance, regulation, or decision officially adopted and promulgated...." 436 U.S.

> at 690. An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels." *Id*. at 690-91. A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir.2004).

Powers v. Hamilton County Public Defender Com'n, 501 F.3d 592, 606-607 (6th Cir. 2007).

Here, Plaintiff has alleged that Defendant's custom or practice of inadequately funding its system of indigent defense caused the constitutionally deficient representation of Plaintiff by his appointed public defender Lawrence Greene.

Defendant first argues that Plaintiff's allegation of inadequate compensation to assigned counsel is not plausible, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Twombly, 550 U.S. at 555. Defendant argues that if Plaintiff's premise is accepted as plausible, rather than speculative, this Court would have to conclude that any attorney in Greene's circumstance would have rendered ineffective assistance of counsel at trial. This argument is a red herring, as it is not up to the Court to consider the potential for future claims by future possible plaintiffs when considering the instant claim.

In addition, Defendant argues, and Plaintiff agrees, that Plaintiff cannot sue Greene because Greene was not acting under color of law when he represented Plaintiff at his criminal trial. However, Defendant wrongfully asserts that because Greene is excused from civil liability, "no legal basis exists to subject Wayne County to Section 1983 liability for the quality of representation provided by Greene during Swift's trial." A Section 1983 claim may lie against a municipality even where no individual official is personally liable, so long as the plaintiff demonstrates that a violation of his constitutional rights took place and was caused by a

municipal policy. Ford v. County of Grand Traverse, 535 F.3d 483, 489 (6th Cir. 2008). Additionally, an action may lie against a municipality even where the constitutional violation on which it is predicated was perpetrated by an individual actor who is immune from suit.

Defendant next argues that Greene's failure to petition for a serology expert does not constitute ineffective assistance of counsel. The Sixth Circuit has held that a violation of the Sixth Amendment may be based on the failure to present expert testimony. Richey v. Bradshaw, 498 F.3d 344 (6th Cir. 2007). The Court declines, at this juncture, to evaluate Plaintiff's ineffective assistance of counsel claim beyond the question of whether it is a plausible claim, which it finds it to be. Likewise, the Court does not find Defendant's argument that Greene's failure to retain an expert in serology was a strategic choice to be persuasive. Whether it was a strategic choice rather than the result of a lack of funding is not speculation that the Court may engage in. The Court finds that Plaintiff's claim is plausible and, pending discovery and future motion practice determinations, permits it to proceed.

This Circuit has held that a complaint need only contain sufficient factual matter to be "plausible," and the Court finds that Plaintiff has met that standard. Whether counsel was in fact ineffective, and whether such ineffective assistance led to Plaintiff's conviction are questions that deserve the benefit of the discovery process prior to any adjudication. Plaintiff, in alleging that Defendant had a custom or policy of inadequately funding indigent defendants' counsel, and such custom or policy caused the deprivation of a constitutional right, namely effective assistance of counsel, has satisfied Fed. R. Civ. P. 8's pleading requirements, and Defendant's motion to dismiss must be denied.

7

V.      **Order**

Accordingly,

IT IS ORDERED that Defendant Wayne County's Motion to Dismiss is DENIED.



                                        s/Bernard A. Friedman
                                        Bernard A. Friedman
                                        United States District Judge

Dated:  March 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2011, by electronic and/or ordinary mail.

                                        s/Carol Mullins
                                        Case Manager