UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER SWIFT,

        Plaintiff,

-vs-

CITY OF DETROIT, ET AL.,

        Defendants.
_____/

Case No. 10-12911

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Strike Defendant Wayne County's Affirmative Defenses [Doc. #35]. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.   FACTS**

Plaintiff has filed a civil rights complaint against a number of Defendants, including Wayne County, pursuant to 42 U.S.C. § 1983. The case stems from the Plaintiff's 1982 conviction for Criminal Sexual Conduct, for which he served approximately 26 years in prison. In 2008, the Innocence Project of the Benjamin N. Cardozo School of Law uncovered evidence that during the investigation, laboratory tests showed that the rapist was a secretor, and that the Plaintiff was a non-secretor.[1] Although this evidence was highly exculpatory in that it eliminated the Plaintiff as a suspect, the Detroit Police Officer in charge of the investigation did not turn it over to either the defense or the prosecution at the time of trial. The Innocence Project also obtained an

---

[1] A "secretor" is a person whose ABO blood antigen (or "blood type") is found not only in the blood, but in other secretions, such as saliva and semen. "Non-secretors" would not have the ABO factors in their secretions.

-1-

affidavit from another officer assigned to the case, who said that a pretrial lineup was impermissibly tainted. It was also discovered that a series of seven photographic displays that were shown to the complaining witness, and in which she tentatively identified someone other that the Plaintiff, were not disclosed to either the defense or the prosecution before trial.[2]

Based on these discoveries, the Plaintiff and the Wayne County Prosecutor filed a joint motion to vacate his conviction and sentence in the Wayne County Circuit Court. The motion was granted on May 21, 2008.

The claim against Defendant Wayne County is based on what is described as the County's "severely inadequate" compensation scheme for court-appointed attorneys, "resulting in widespread ineffective representation by overburdened attorneys." *Amended Complaint*, ¶ 116 [Doc. #39]. The Plaintiff claims:

> "Because of the COUNTY'S policies of grossly inadequate compensation rates, Mr. Greene could not afford to and therefore did not hire or request funds to consult with a single expert in the areas of forensic serology about the original laboratory report of the serological testing and analysis performed on the biological evidence from the crime scene in this case. In order to do so, he would have had to pay an expert out of the $150 he received to compensate him for his time investigating and prepping the case, or apply to the court for extra funding, which he knew, based on the County's custom and practice of inadequately funding indigent defenders, was futile." *Id.*, ¶ 118.

In the present motion, the Plaintiff seeks to strike the following six of Wayne County's affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

---

[2] The facts are set forth in the Joint Motion for Relief from Judgment filed by the Wayne County Prosecutor and Plaintiff's criminal defense lawyer. *Exhibit A, Plaintiff's Motion*.

    3. Plaintiff's claims are barred by the doctrine of res judicata, or claim preclusion.

    4. Plaintiff is one hundred percent responsible for causing any injury for which compensation is sought.

    5. Defendant Wayne County asserts the defense of the fair notice doctrine.

    6. Plaintiff's claim is barred under laches because all of the facts and information known concerning the payment of fees to his court appointed counsel were known back in 1982 and could have been raised at that time.

## II.  STANDARD OF REVIEW

In *Hahn v. Best Recovery Services*, LLC 2010 WL 4483375, *2 (E.D.Mich.2010), Judge Duggan described the standard for determining whether to grant a motion to strike affirmative defenses:

> "A motion to strike an affirmative defense under Rule 12(f) 'is proper if the defense is insufficient; that is, if "as a matter of law, the defense cannot succeed under any circumstances."' *United States Sec. & Exch. Comm'n v. Thorn,* No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D.Ohio 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F.Supp. 1078, 1083 (W.D.Mich.1997)). The motion also is proper 'if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.' *Id.* Generally, however, a Rule 12(f) motion should not be granted 'if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.' *United States v. Pretty Products, Inc.,* 780 F.Supp. 1488, 1498 (S.D.Ohio 1991) (quotation marks and citation omitted)."

The Sixth Circuit has not determined whether the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)) (requiring factual allegations as opposed to legal conclusions), applies to affirmative defenses. *See Ruffin v. Frito-Lay, Inc.*, 2010 WL 2663185, *2 (E.D.Mich.2010). In *Hahn*, Judge Duggan declined to apply the *Iqbal*/*Twombley* standard to a plaintiff's motion for more definite statement as to affirmative defenses, noting that

prior to discovery, a defendant would lack the factual information that would allow it to satisfy that pleading standard.

In this case, I will follow Judge Duggan's lead and not apply the more demanding *Iqbal/Twombley* standard in determining the viability of Defendant's affirmative defenses. Rather, the operative question is whether "as a matter of law, the defense cannot succeed under any circumstances."

### III. DISCUSSION

Affirmative Defense #1: Failure to State a Claim

On March 23, 2011, Judge Friedman denied Defendant Wayne County's motion to dismiss under Fed.R.Civ.P. 12(b)(6) (failure to state a claim), holding that the Plaintiff, "in alleging that defendant Wayne County had a custom or policy of inadequately funding indigent defendants' counsel, and such custom or policy caused the deprivation of a constitutional right, namely effective assistance of counsel, has satisfied Fed.R.Civ. P. 8's pleading requirements, and defendant's motion to dismiss must be denied." [Doc. #29]. In the future, Defendant may, if it is supported by discovery, bring a Rule 56 motion for summary judgment, but under the doctrine of law of the case, the motion to strike this affirmative defense is GRANTED.

Affirmative Defense #2: Statute of Limitations

The viability of this affirmative defense rests on the question of whether the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), is retroactive. *Heck* holds that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. In other words, *Heck* tolls a statute of limitations as to an alleged unconstitutional conviction until that conviction is set aside.

*Heck* was decided in 1994. Before *Heck*, favorable termination of a conviction or sentence was not a bar to § 1983 relief. Mr. Swift was convicted in 1982, some twelve years before *Heck*. If *Heck* is fully retroactive, his motion to strike the affirmative defense of statute of limitations is well taken. If it is not, the Defendant may have an arguable defense.

In *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the Supreme Court enunciated the general rule of retroactivity as follows:

> "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect *in all cases still open on direct review* and as to all events, regardless of whether such events predate or postdate our announcement of the rule...." (Emphasis added).

While the direct appellate history of Mr. Swift's criminal case is not clear from the pleadings, it is probable that direct review of a 1982 conviction would have been concluded by the time of the *Heck* decision in 1994. *Harper* therefore does not appear to impel a finding that *Heck* applies retroactively to this case. But neither does it foreclose that finding. In *Walden v. City of Chicago*, 391F.Supp.2d 660 (N.D. Ill. 2005), the plaintiff filed a civil rights complaint against the City of Chicago, its police department and several officers arising out of his arrest and prosecution for rape in 1952. In 2003,

then-Governor George Ryan granted the plaintiff a "pardon of innocence."[3] The defendants moved to dismiss for failure to state a claim, arguing, as do the Defendants in this case, that the complaint was time-barred. And as in this case, the issue was whether *Heck* applied retroactively.

*Walden* noted a number of district court cases where *Heck* was applied to bar lawsuits concerning events that predated *Heck*, albeit without much analysis. *See, eg., Stocker v. Hood*, 927 F.Supp. 871 (E.D. Pa. 1996); *Rice v. Nat'l Security Council*, 244 F.Supp.2d 594 (D.S.C. 2001); *Castillo v. Zuniga*, 2002 WL 398519 (N.D. Ill. 2002). *Walden* also cited *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) as "the clearest direction on the subject from the Seventh Circuit":

> "In addition, although the issue does not appear to have been actively litigated in the case, in *Newsome v. McCabe,* 256 F.3d 747 (7th Cir.2001), the Seventh Circuit explained that *Heck* would have barred claims related to the 1980 conviction and subsequent imprisonment of a civil rights plaintiff who subsequently received a pardon of innocence from the Illinois Governor in 1995. *Id.* at 749. Specifically, the Seventh Circuit stated that the plaintiff's 'claim based on wrongful conviction and imprisonment did not accrue until the [1995] pardon.' *Id.* (citing *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). This appears, based on the Court's own research, to be the clearest direction on the subject from the Seventh Circuit." 391 F.Supp.2d at 669-70.

However, although *Walden* declined to grant the defendants' Rule 12(b)(6) motion to dismiss, it did so without prejudice to revisiting the issue of *Heck* retroactivity at a later date, "in the event that the parties present compelling authority suggesting a modified

---

[3] The account of the police conduct in extracting a confession from the plaintiff is shockingly disturbing. The plaintiff, who had no criminal record and who had never been identified, either in person or by photograph, as the rapist, initially proclaimed his innocence, despite being kicked and threatened with physical harm by the police. After being further beaten and threatened that the police would "string him up to a high bar, remove his clothes, and whip him with a rubber hose until he confessed," and being told that his father would lose his job, his family would be evicted, and "that the police would put [his] mother, father, sisters and brothers in different jails," the plaintiff related a story consistent with what the police told him to say. *Id.*, 665-66.

approach." *Id.* 670. In making this conditional ruling, *Walden* stated, "The Court will not speak definitively, given the limited treatment that this issue has received in the briefing." *Id*.

Likewise in this case, the retroactivity issue has not been extensively briefed and argued. Moreover, the Sixth Circuit has not spoken definitively on this issue.[4] The Plaintiff may ultimately prevail on this issue, but given the lack of settled law, it cannot be said that as a matter of law, this defense cannot succeed under any circumstances. The motion to strike this affirmative defense is therefore DENIED.

Affirmative Defense #3: Res Judicata

In In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court noted that the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. at 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are

---

[4] The two Sixth Circuit cases that Plaintiff cites–*Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006) and *Spurlock v. Satterfield*, 167 F.3d 995 (6th Cir. 1999)–do not clearly support the theory that *Heck* is completely retroactive. In *Gregory*, the plaintiff was convicted in 1993, and it is not unreasonable to assume that his direct appeal would have been pending when *Heck* was decided in 1994. If so, then *Heck* was applied retroactively only to the extent announced in *Harper*. *Spurlock* is somewhat more ambiguous. There, the plaintiff's original conviction was in 1990, but that conviction was vacated in 1993, and he was re-convicted in 1995. The Sixth Circuit did not analyze or even discuss the *Heck* retroactivity issue.

identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433, n.3 (1994).

However, case law from the Sixth Circuit and other Circuits is clear that "[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel." *Erebia v. Chrysler Plastic Prods. Corp.,* 891 F.2d 1212, 1214 (6th Cir.1989). *See also Gregory Const. Co. v. Blanchard,* 1989 WL 78201, *4 (6th Cir. 1989), citing *Dodrill v. Ludt,* 764 F.2d 442, 444 (6th Cir.1985); *Jaffree v. Wallace,* 837 F.2d 1461, 1466 (11th Cir.1988) ("judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel"); *Ornellas v. Oakley,* 618 F.2d 1351, 1356 (9th Cir.1980) ( "A reversed or dismissed judgment cannot serve as the basis for a disposition on the ground of res judicata or collateral estoppel").

On May 21, 2008, the Honorable Vera Massey Jones of the Wayne County Circuit Court entered an order granting Plaintiff's motion for relief from judgment and setting aside his convictions, pursuant to M.C.R. 6.508. The Defendant in this case is therefore deprived of the defense of res judicata, and the Plaintiff's motion to strike that defense is GRANTED.[5]

---

[5] The fact that the Plaintiff's motion for relief from judgment was granted distinguishes this case from *Hatchett v. City of Detroit*, 714 F.Supp. 2d 708 (E.D. Mich. 2010), cited by Defendant. In that case, the Court specifically found that the plaintiff's conviction had *not* been set aside pursuant to chapter 6.500 of the Michigan Court Rules. *Id.*, at 715, fn.3.

*Hatchett* is also distinguishable because that case involved collateral estoppel, not

Affirmative Defense #4: Plaintiff is Responsible for Claimed Injuries

In other words, Defendant claims that notwithstanding the Wayne County Prosecutor's stipulation to grant relief (the Wayne County Prosecutor and criminal defense counsel filed a joint motion for relief from judgment), the Plaintiff is actually guilty of the offense.

Plaintiff states that this defense is "impertinent and scandalous." That may not be an entirely unfair characterization. However, the joint motion for relief from judgment states that the Plaintiff "would have had a reasonably likely chance of acquittal" if the police misconduct had not occurred, not that the Plaintiff is actually innocent. The point is that a likelihood of acquittal under a reasonable doubt standard does not preclude the Defendant in this case from attempting to prove Plaintiff's guilt under a preponderance of the evidence standard. Although I find it distasteful to do so, I will DENY the motion to strike this affirmative defense. I note, however, that given the allegations of serious police misconduct that resulted in the Plaintiff spending 26 years in prison, and the weakness of the criminal case as reflected in the joint 6.500 motion, a trier of fact is likely to be unimpressed, if not downright offended by this defense.

Affirmative Defense #9: Fair Notice

Here, the Defendant is claiming that "fair notice" was not given under Fed.R.Civ.P. 8(a), as well as *Twombley* and *Iqbal*. These are matters that would be raised in a Rule 12(b)(6) motion. As discussed above, Judge Friedman has already denied the Defendant's motion to dismiss under Rule 12(b)(6). In addition, Plaintiff's counsel at oral

---

res judicata, and the plaintiff actually litigated and received an adverse ruling on the voluntariness of his confession. The parties in *Hatchett* agreed that "[f]or collateral estoppel to apply, a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment." *Id.* at 715 (citing *Storey v. Meijer, Inc.,* 431 Mich. 368, 373 n. 3, 429 N.W.2d 169 (Mich.1988)).

argument made it clear that the claim was based on a Sixth Amendment violation arising out of inadequate funding for indigent investigative services, not inadequate payment to assigned counsel. *See* Hearing Transcript [Doc. #43], at 28, 30-32. Therefore, the motion to strike this affirmative defense is GRANTED.

Affirmative Defense #10: Laches

Laches is an equitable doctrine. The Plaintiff seeks money damages, not equitable relief. The timeliness of his claim is assessed in relation to the statute of limitations, not the doctrine of laches. *See Miller v. Maxwell's Int'l,* 991 F.2d 583, 586 (9th Cir.1993) (holding that the doctrine of laches is inapplicable when statute of limitations governs an action); *Nilsen v. Moss Point,* 674 F.2d 379, 388 (5th Cir.1982) ("although the equitable part of a mixed [§ 1983] claim can be barred by laches, the legal part will be barred only by the statute of limitations"), *vacated on other grounds,* 701 F.2d 556 (5th Cir.1983) (en banc); *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 261 (2d Cir. 1997) (We therefore cannot allow laches to bar Ivani's claim, which was otherwise timely filed under § 1983's three-year limitations period as borrowed from analogous state law"). The motion to strike this affirmative defense is GRANTED.

## IV.   CONCLUSION

As to Defendant Wayne County's Affirmative Defenses #1, #3, #9 and #10, the Plaintiff's motion [Doc. #35] is GRANTED, and those Affirmative Defenses are STRICKEN.

As to Defendant's Affirmative Defenses #2 and #4, the motion is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Date: January 6, 2012

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 6, 2012.

s/Johnetta M. Curry-Williams<br>Case Manager